SEELEY v. FRANCHOT, Superintendent of Public Works. (Supreme Court, Appellate Division, Fourth Department. May 1, 1907.) Ap-

peal from Special Term, Erie County. In the matter of the application of Frank B. Seeley for a writ of mandamus against Nicholas V. V. Franchot, superintendent of public works of the state of New York. From a judgment at Special Term (102 N. Y. Supp. 220), denying the motion for mandamus, relator appeals. Affirmed.

PER CURIAM. Affirmed on opinion of court below. 102 N. Y. Supp. 220.

McLENNAN, P. J. (dissenting). It is determined by a majority of the court that the order appealed from should be affirmed upon the opinion of the court at Special Term. I dissent from the affirmance so about to be made. By this appeal the question is presented: Although appointees to positions or employment in the department of public works are required to be appointed in accordance with the provisions of the civil service section of the Constitution of the state, may such appointees be removed at the will of the superintendent of public works and in violation of the statute enacted "for the enforcement of this section"? An affirmative answer renders the civil service provision of the Constitution practically nugatory so far as its application to the department of public works is concerned, because, if an appointee may be removed without cause immediately after his appointment, his right to appointment under the constitutional provision is valueless. By such method applicants for employment who for any reason are not desired by the superintendent could be easily eliminated. Indeed, upon a change of superintendent, every employé in the department without cause or reason could be removed, and thus make a place for the friends of such new superintendent or the adherents of the political organization which he might desire to serve. It seems to me that a correct interpretation of the civil service section of the Constitution and of the statute enacted for its enforcement, to which attention will be called, does not lead to a result so utterly subversive of the civil service principle; that the framers of the Constitution did not intend that the employés in the department of public works should not be under the protection of its civil service provisions. Section 3 of article 5 of the Constitution provides: "A superintendent of public works shall be appointed by the Governor. * * * The superintendent of public works shall appoint not more than three assistant superintendents, whose duties shall be prescribed by him, subject to modification by the Legislature. * * * All other persons employed in the care and management of the canals, except collectors of tolls, and those in the department of the state engineer and surveyor, shall be appointed by the superintendent of public works, and shall be subject to suspension and removal by him." Clearly under that section the superintendent of public works may without restriction appoint and remove all persons employed in the department, with certain exceptions in which the relator is not included. By section 9 of the same article it is provided: "Appointments and promotions in the civil service of the state, and of all the civil divisions thereof, including cities and villages, shall be

made according to merit and fitness, to be ascertained, so far as practicable, by examinations, which, so far as practicable, shall be competitive; provided, however, that honorably discharged soldiers and sailors from the army and navy of the United States in the late Civil War, who are citizens and residents of this state, shall be entitled to preference in appointment and promotion, without regard to their standing on any list from which such appointment or promotion may be made. Laws shall be made to provide for the enforcement of this section." By the last clause of that section the Legislature is expressly commanded to enact laws which shall make the provisions of the section effective. It attempted to do so by enacting chapter 370, p. 808, of the Laws of 1899, section 20 of which requires the appointment of honorably discharged soldiers, sailors, and marines to be made, practically in the language of section 9 of article 5 of the Constitution; and by section 21 of said act the power of removal is limited as follows: "No person holding a position by appointment or employment in the state of New York or in the several cities, counties, towns, or villages thereof, who is an honorably discharged soldier, sailor or marine, having served as such in the Union army or navy during the War of the Rebellion, * * * shall be removed from such position or employment, except for incompetency or misconduct shown after a hearing, upon due notice, upon stated charges, and with the right of such employé or appointee to a review by a writ of certiorari."

While the power of appointment remains in the superintendent of public works under section 3 of article 5 of the Constitution, concededly such power can only be exercised in the manner provided by section 9 (the civil service section). People ex rel. McClelland v. Roberts, 148 N. Y. 360, 42 N. E. 1082, 31 L. R. A. 399. In that case it was held that, under section 9 of article 5 of the Constitution, appointments in the department of public works must be made subject to the provisions of the civil service act, notwithstanding section 3 of article 5 of the Constitution, and that appointments can be made by the superintendent of public works only in accordance with the provisions of section 9 and the statute which provides for its enforcement. It was also held in that case, as stated in the headnote, that "the civil service section of the Constitution of 1894 is not rendered non-self-executing by the provision therein that 'laws shall be made to provide for the enforcement of this section'; but the effect of the section, in connection with the constitutional provision (article 1, section 6), that 'such acts of the Legislature of this state as are now in force shall be and continue the law of this state, subject to such alterations as the Legislature shall make concerning the same,' is to bring all positions in the civil service, not excepted by the statute, within the operation of the civil service act of 1883 and its amendments without reenactment." In other words, it was decided that the civil service act of 1883, although enacted prior to the adoption of the Constitution of 1894, must be read and construed in connection with the provisions of section 9 (the civil

service section of the Constitution), precisely the same as if such statute had been enacted subsequent to the adoption of such Constitution.

In obedience to the command of the civil service section of the Constitution, chapter 370, p. 808, of the Laws of 1899, was enacted subsequent to the adoption of the Constitution, and, as we have seen, by section 20 preferences are allowed honorably discharged soldiers, sailors, and marines, and by section 21 the power of removal is limited. We think it clear that those sections were enacted in obedience to the mandate of the Constitution (section 9 of article 5), and that it was competent for the Legislature to provide "for the enforcement of this section" by preventing the removal of employés without cause or hearing, precisely as it was competent for it to provide that such appointments should be made only in accordance with the provisions of the section. As we have pointed out, unless the Legislature has the power to prevent removals, it were idle to attempt to legislate respecting the method of appointment. The case of People ex rel. Killeen v. Angle, 109 N. Y. 564, 17 N. E. 413, has no application to the question involved upon this appeal. There by section 3 of article 5 of the Constitution the superintendent of public works was given unrestricted power to appoint and remove employés in that department, and there was then no civil service provision in the Constitution; no provision which authorized the Legislature to act in the premises, or in any manner to restrict or regulate the power of the superintendent of public works to appoint and remove; and therefore it was held that the civil service law of 1883, enacted by the Legislature, which attempted to restrict the power of the superintendent in that regard, was unconstitutional; but, as we have seen, when the civil service provision became a part of the Constitution (section 9 of article 5), it was held in the McClelland Case, supra, that the act of 1883 became effective and made it necessary for the superintendent of public works to make appointments in accordance with that provision. In this case, as we have seen, sections 20 and 21, c. 370, pp. 808, 809, of the Laws of 1899, were enacted subsequently to the adoption of the Constitution and in obedience to its command that "laws shall be made to provide for the enforcement of this section" (section 9 of article 5 of the Constitution). For the reasons indicated we conclude that, not only must the superintendent of public works make appointments in accordance with the provisions of the statute (People ex rel. McClelland v. Roberts, 148 N. Y. 360, 42 N. E. 1082, 31 L. R. A. 399), but also that removals of employés in such department can only be made in accordance with the provisions of section 21, c. 370, p. 809, of the Laws of 1899, and that the removal of the relator was illegal and without authority of law, and that he is entitled to be reinstated in his office and to his position. It follows that the order appealed from should be reversed, with costs, and that the application of the relator should be granted, with costs.